IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH NORTHERN DIVISION

| | |
|---|---|
| JANET K. FISK,<br><br>        Plaintiff,<br><br>    vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>        Defendant. | MEMORANDUM DECISION & ORDER<br><br>Case No: 1:04-CV-152 DN<br><br>Magistrate Judge David Nuffer |

Fisk appeals the Commissioner's decision denying her application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act.[1] The case was referred to the Magistrate Judge, with the consent of the parties, to conduct all proceedings, pursuant to 28 U.S.C. § 636(c). On November 16, 2005, the Magistrate Judge held oral argument on Fisk's request for review of the administrative decision.

In the administrative proceedings, the ALJ found that Fisk suffers from several severe impairments including osteoarthrosis, fusion of the cervical spine, and affective mood disorder.[2] After conducting the familiar five-step analysis, however, the ALJ concluded at step five that Fisk was capable of performing jobs that exist in significant numbers in the national economy,

---

[1] 42 U.S.C. §§ 1381-1383f.

[2] Tr. at 16, 21.

and was therefore not disabled.³ The Appeals Council declined to review the decision.⁴

In this court, Fisk has raised a number of issues which she contends require a remand. Because the court finds that the ALJ erred at step three of the sequential analysis in regard to Fisk's mental impairment, the court does not address Fisk's other contentions.

The court reviews the agency's decision to determine whether it is supported by substantial evidence, and whether the ALJ applied the correct legal standards.⁵ Under the statute,⁶ the ALJ was required to discuss the evidence and explain why he found at step three that Fisk did not meet or equal a listed impairment.⁷ As the Tenth Circuit has observed, this statutory requirement fits "hand in glove" with the court's standard of review in which the court may not engage in the task of weighing the evidence.⁸ "In the absence of ALJ findings supported by specific weighing of the evidence, [the court] cannot assess whether relevant evidence adequately supports the ALJ's conclusion that [the claimant's] impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion."⁹ Although the ALJ is not required to discuss every piece of evidence, the record

---

³Tr. at 21, 22.

⁴Tr. at 6.

⁵*Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).

⁶42 U.S.C. §§ 405(b)(1), 1383(c)(1)(A).

⁷*Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

⁸*Id.*

⁹*Id.*

must demonstrate that he considered all of the evidence.[10]

In *Clifton v. Chater*, the ALJ failed to discuss the evidence or state his reasons for concluding that the claimant was not disabled at step three or even identify the relevant listing. Rather, he simply made a summary conclusion that the claimant's impairments did not meet or equal any listed impairment. The Tenth Circuit remanded because "[s]uch a bare conclusion is beyond meaningful judicial review."[11]

The ALJ in this case similarly made a conclusory statement that Fisk's impairments do not meet or equal the listings.[12] Although he mentions the criteria for assessing Fisk's functional limitations caused by her mental impairment, he makes conclusory findings without discussing the evidence that he believes supports them.[13] Also, like *Clifton*, the ALJ did not identify the listing, or listings, he considered. Thus, this court cannot determine whether substantial evidence supports the ALJ's conclusion that Fisk's impairments do not meet or equal the listings or whether he applied the correct legal standards to reach that conclusion.[14]

The court further finds that several of the ALJ's findings are not supported by substantial evidence in the record; specifically his findings that Fisk has no restriction in activities of daily living, no difficulty in maintaining social functioning, moderate deficiencies of concentration,

---

[10]*Id.* at 1009-10.

[11]*Id.* at 1009; *accord Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001).

[12]Tr. at 16, 21.

[13]*Id.* at 16.

[14]Unlike the recent case of *Fischer-Ross v. Barnhart*, 431 F.3d 729, 730 (10th Cir. 2005), the ALJ did not make factually substantiated findings at steps four and five that alleviate *any* concern that Fisk might have been adjudged disabled at step three.

persistence or pace; and has never experienced repeated episodes of decompensation of extended duration.[15] These findings conflict with Fisk's testimony, as well as the medical evidence, that indicate she has sleep difficulties which affect her ability to concentrate and remember;[16] she sometimes spends the day in bed after getting her daughter off to school;[17] experiences panic attacks, especially in crowds, and has had panic attacks while on the job;[18] experiences bouts of confused thinking;[19] and has been hospitalized on several occasions as a result of her mental impairments.[20]

At the hearing, counsel for the Commissioner suggested that the ALJ might have ignored some of Fisk's earlier hospitalizations because they occurred too far in the past. Although some of the hospitalizations are remote in time, they appear to be significant and to merit some discussion. More recently, Fisk was hospitalized on February 16, 2002 due to an acute psychotic episode.[21] This hospitalization occurred just two days after Craig K. Swaner, Ph.D, a consulting psychologist, submitted a fairly positive psychological report[22] upon which the ALJ relied in

---

[15] Tr. at 16.

[16] Tr. at 179, 241, 327, 361-62, 373-74.

[17] Tr. at 315, 365-66.

[18] Tr. at 249, 361, 362, 363-64, 373.

[19] Tr. at 318, 319, 363.

[20] Tr. at 108, 113, 116, 120-25, 131, 178, 184, 185, 187, 188, 263-69, 271-73, 274, 278, 279–82, 284, 324, 325, 328, 359-60, 371-72.

[21] Tr. at 113, 116, 120-21, 123, 124.

[22] Tr. at 106-12.

making his determination.[23]  Although the ALJ mentioned the February hospitalization in his decision, he seemed to believe that Fisk's problems were resolved with medications.[24]  For example, the ALJ noted that Rodney Grogan, a physician's assistant, indicated in April 2002, that treatment with medication had resulted in significant improvement in Fisk's condition.[25]  However, on April 16, 2002, just a few days after Grogan's assessment, Fisk's treating therapist, Donna Bush, LCSW, noted that Fisk was "quite disorganized in her thinking," and in fact, Bush had "never seen her with this much difficulty in her thought processes."[26]  This report is not mentioned in the ALJ's decision.

The ALJ must consider all of the medical opinions received regardless of their source although the weight given each opinion varies depending on the relationship between the claimant and the medical professional.[27]  Unless a treating source is given controlling weight, the ALJ must explain the weight given to the opinions of a state agency psychological consultant.[28]  In this case, a psychologist, Donald W. Randall, Ph.D, submitted a Psychiatric Review Technique form (PRT), dated March 27, 2003, in which he opined that Fisk met Listing *12.04 Affective Disorders*.[29]  It is not clear from the PRT form whether Dr. Randall was a treating

---

[23]Tr. at 18.

[24]*Id.*

[25]Tr. at 19 (referring to treatment notes found at pp. 197-99 of the transcript).

[26]Tr. at 319.

[27]20 C.F.R. § 416.927(d) (2004); *Hamlin*, 365 F.3d at 1215.

[28]20 C.F.R. § 416.927(f)(2)(ii); *see Hamlin*, 365 F.3d 1215.

[29]Tr. at 244-57.

psychologist. However, in a letter to the Appeals Council dated May 27, 2004, Fisk's prior counsel represented that Dr. Randall was a member of Fisk's mental health treatment team at Weber Human Services.[30] The ALJ discounted Dr. Randall's opinion "because it is not based upon a history of treatment and is totally unsupported by the weight of objective medical evidence."[31] However, if the ALJ had doubts about the role of Dr. Randall, he had an obligation to obtain additional information from him before rejecting his opinion outright.[32] Further, in stating that Dr. Randall's opinion was unsupported by the weight of the medical evidence, the ALJ failed to highlight the portions of the record with which he believed Dr. Randall's opinion was inconsistent. Failure to explain or identify claimed inconsistencies between the opinion and substantial evidence in the record render the ALJ's reasons for rejecting the opinion not "sufficiently specific" for meaningful review of his findings.[33] In the court's view, there appears to be substantial evidence in the record to support Dr. Randall's opinion.

The ALJ appears to have relied almost exclusively for his mental residual capacity assessment upon a form dated April 2, 2002, apparently completed by E. Dean Schroeder, Ed.D., a reviewing source.[34] Although this assessment is not mentioned anywhere in the ALJ's decision, the ALJ's findings concerning Fisk's mental limitations appear to be taken directly

---

[30] Tr. at 321.

[31] Tr. at 17.

[32] *See McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002); *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004); see 20 C.F.R. § 416.912(e)(1).

[33] *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004); *Hamlin*, 365 F.3d at 1217.

[34] Tr. at 160-62. Although the signature on this document is illegible, it appears to match the signature on page 136 of the transcript which is identified as that of Dr. Schroeder.

from this form,[35] and he expressly relied upon it in formulating his hypothetical to the Vocational Expert (VE).[36] If an ALJ relies upon the opinion of a non-examining source, he must explain the weight he is giving it.[37] The ALJ provides no explanation why he gave more weight to the opinion of a non-examining agency consultant who apparently is not a psychologist, than he gave to the more recent opinion of Dr. Randall, who was a psychologist, and likely a treating source. Under social security regulations and case law, the opinion of a non-examining consulting physician is entitled to the least weight of all in weighing medical evidence.[38] Further, even if Dr. Randall was not a treating psychologist, the ALJ was still required to consider his opinion and to provide specific, legitimate reasons for rejecting it.[39]

Since the court finds that the case should be remanded because of the inadequacy of the analysis at step three, it is unnecessary to consider Fisk's other contentions. The court notes, however, that a remand would also be necessary at step five because the ALJ's findings on residual functional capacity and his hypothetical to the VE fail adequately to take into account Fisk's pain which is supported both by her subjective testimony and by the medical evidence, and her psychological/psychiatric limitations.

---

[35] Tr. at 21.

[36] Tr. at 379, 381.

[37] 20 C.F.R. § 416.927(f)(2)(ii).

[38] *Robinson*, 366 F.3d at 1084; 20 C.F.R. § 416.927(d)(1).

[39] *Doyal*, 331 F.3d at 764.

## ORDER

The case is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g)[40] for further proceedings consistent with this opinion.

January 19, 2006.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

---

[40] See 42 U.S.C. § 1383(c)(3).